IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| PHILLIP L. LACY, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Civil No. 16-00124-CV-W-ODS |
| ) | Crim. No. 09-CR-00389-ODS |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

<u>ORDER AND OPINION (1) DENYING MOTION TO CORRECT SENTENCE UNDER 28
U.S.C. § 2255, AND (2) DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY</u>

Pending is Petitioner Phillip Lacy's ("Petitioner") Motion to Correct Sentence under 28 U.S.C. § 2255. Doc #1. Petitioner seeks to be resentenced pursuant to *Johnson v. United States*, 135 S. Ct. 2551 (2015), which held that the Armed Career Criminal Act's ("ACCA") residual clause is unconstitutional. The Government contends Petitioner's sentence is still proper under other provisions of the ACCA. Doc. #7. For the reasons set forth below, the Court denies Petitioner's motion and declines to issue a Certificate of Appealability.

## I. BACKGROUND

On August 20, 2010, Petitioner pled guilty to one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). Ordinarily, that offense carries a maximum punishment of ten years' imprisonment. 18 U.S.C. § 924(a)(2). However, the ACCA requires a minimum sentence of fifteen years if a person violating 18 U.S.C. § 922(g) has three prior convictions for a "violent felony." 18 U.S.C. § 922(e)(1). A "violent felony" is defined as a felony that "(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) burglary, arson, or extortion, involves the use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another.*" 18 U.S.C. § 924(e)(2)(B) (emphasis added). The italicized portion of the definition constitutes the "residual clause" held unconstitutional in *Johnson*.

A presentence investigation report ("PSR") was prepared after Petitioner pled guilty. The PSR found Petitioner had at least three qualifying prior convictions of burglary in the second degree in violation section 569.170 of the Missouri Revised Statutes that triggered a minimum sentence of fifteen years under the ACCA's "violent felony" provision.[1] On January 7, 2011, Petitioner was sentenced to 94 months' imprisonment and three years of supervised release. The Court departed from the mandatory minimum of 180 months based on a motion filed by the Government. Petitioner now contends his three prior convictions of second degree burglary do not qualify him for the ACCA's enhancement.

## II. DISCUSSION

The Court first finds that Petitioner's motion is timely because it is filed within one year of the Supreme Court's decision in *Johnson*. *See* 28 U.S.C. § 2255(f)(3). The Court also finds, based upon *Welch v. United States*, 136 S. Ct. 1257 (2016), that *Johnson* applies retroactively.

### A.

The Government contends Petitioner's three prior convictions for second degree burglary still qualify as violent felonies under 18 U.S.C. § 924(e)(2)(B).[2] Petitioner cites to the Supreme Court's decision in *Decamps v. United States*, 133 S. Ct. 2276 (2013), arguing second degree burglary previously qualified as a "violent felony" only by operation of the residual clause held unconstitutional in *Johnson*. The Eighth Circuit has repeatedly held Missouri's second degree burglary statute has the same basic elements as the generic burglary offense, and thus, qualifies as a predicate felony

---

[1] The PSR is Document 30 in the criminal case, 4:09-cr-00389-ODS-1. The relevant paragraph is number 28.

[2] The Government also argues Petitioner is not entitled to relief because Petitioner's 94 month sentence does not exceed the unenhanced 120 month statutory maximum sentence for his conviction of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). The Court is not persuaded by this argument or the cases cited in support of this argument. Petitioner's sentence represents a nearly 50% reduction from the ACCA enhanced mandatory minimum Petitioner faced before the Government's motion for downward departure based upon substantial assistance. Any downward departure as a result of that substantial assistance would be analyzed from the 120 month maximum sentence in the absence of Petitioner's status as an armed career criminal, leading to a sentence below 94 months.

under the enumerated offenses clause of section 924(e)(2)(B)(ii). *See e.g.*, *U.S. v. Phillips*, 817 F.3d 657, 569–70 (8th Cir. 2016); *U.S. v. Sykes*, 809 F.3d 435, 439 (8th Cir. 2016); *U.S. v. Olsson*, 742 F.3d 855, 856 (8th Cir.), *cert denied*, 135 S. Ct. 158 (2014). Given the Eighth Circuit's precedent, Petitioner's three prior convictions for second degree burglary in Missouri qualify as predicate felonies under section 924(e)(2)(B)(ii). Thus, Petitioner still qualifies as an armed career criminal post-*Johnson*, and his motion to correct sentence under section 2255 is denied.

**B.**

In order to appeal, Petitioner must first obtain a Certificate of Appealability. 28 U.S.C. § 2253(c)(2) provides that a Certificate of Appealability should be granted "only if the applicant has made a substantial showing of the denial of a constitutional right." This requires Petitioner to demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quotation omitted). In light of *Olsson* and *Phillips*, there is no dispute that Petitioner has three qualifying convictions under section 924(e)(2)(B)(ii), and thus, qualifies as an armed career criminal. There is no basis for debate or disagreement among jurists, and further proceedings are not warranted.

### III. CONCLUSION

Petitioner's Motion to Correct Sentence under 28 U.S.C. § 2255 is denied. The Court also declines to issue a Certificate of Appealability.

IT IS SO ORDERED.

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
DATE: June 10, 2016     UNITED STATES DISTRICT COURT